1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                    AT SEATTLE

8   JUSTIN MATTHEW GRAY BACANI,

9                        Petitioner,         Case No. C16-0087-RSM-MAT

10        v.

11  WILLIAM HAYES, *et al*.,                 REPORT AND RECOMMENDATION

12                        Respondents.

13

14                 INTRODUCTION AND SUMMARY CONCLUSION

15        Petitioner Justin Bacani has submitted to this Court for consideration a petition for writ of

16  habeas corpus under 28 U.S.C. § 2254 in which he seeks to challenge his 2010 King County

17  Superior Court judgment and sentence.  Respondent has filed an answer to the petition together

18  with relevant portions of the state court record.[1]  Petitioner has not filed a response to

19  respondent's answer.  This Court, having reviewed petitioner's petition, respondent's answer,

20  and the balance of the record, concludes that petitioner's federal habeas petition should be

21  dismissed because the petition is untimely.

22        _____
              [1]  The Court declined to serve petitioner's original petition because petitioner failed to name a proper
      respondent.  (*See* Dkt. 9.)  However, petitioner was granted leave to file an amended petition correcting this
23    deficiency, and he did so on March 10, 2016.  (*See id*. and Dkt. 11.)  Petitioner's amended petition was thereafter
      served on respondent (Dkt. 12), and is the operative petition in this action.

    REPORT AND RECOMMENDATION
    PAGE - 1

PROCEDURAL HISTORY

On January 15, 2010, petitioner was found guilty, following a jury trial, on one count of assault in the second degree while armed with a deadly weapon.  (*See* Dkt. 17, Ex. 1 at 1.) Petitioner was sentenced on February 26, 2010 to a total term of 85 months confinement, and judgment was entered on March 1, 2010.[2]  (*See id.*, Ex. 1.)  Petitioner appealed his judgment and sentence to the Washington Court of Appeals, and the Court of Appeals issued an unpublished opinion affirming the judgment and sentence on September 24, 2012.  (*See id.*, Exs. 2, 3, 4 and 5.)  Petitioner next filed a petition for review in the Washington Supreme Court.  (*Id.*, Ex. 6.) The Supreme Court denied review without comment on April 3, 2013, and the Court of Appeals issued a mandate terminating direct review on April 24, 2013.  (*Id.*, Exs. 7 and 8.)

On April 1, 2014, petitioner filed a personal restraint petition in the Washington Court of Appeals, and the Court of Appeals dismissed the petition on January 20, 2015.  (*Id.*, Exs. 9 and 11.)  Petitioner did not seek review by the Washington Supreme Court, and the Court of Appeals issued a certificate of finality in petitioner's personal restraint proceedings on March 6, 2015. (*See id.*, Ex. 12.)

Petitioner now seeks federal habeas review of his conviction.  This Court received petitioner's original federal habeas petition for filing on January 19, 2016.  (*See* Dkt. 1.)

DISCUSSION

Respondent argues in his answer to petitioner's federal habeas petition that the petition is untimely under the federal statute of limitations, 28 U.S.C. § 2244(d).  Respondent also argues that petitioner failed to properly exhaust his federal habeas claims in the state courts and that the

---

[2] Petitioner has apparently completed the term of custody imposed pursuant to the challenged conviction, and is now confined in the King County Jail pending trial on new criminal charges.  (*See* Dkt. 11 at 13; Dkt. 16 at 1.)  However, petitioner still has a term of community custody to serve on the challenged conviction and is therefore still deemed "in custody" on that conviction for purposes of 28 U.S.C. § 2254.  (*See id.*)

REPORT AND RECOMMENDATION
PAGE - 2

1   claims are now barred under an independent and adequate state law.   Respondent asserts,

2   however, that the Court need not resolve the procedural bar issue because the petition is barred

3   under the statute of limitations.  As noted above, petitioner has filed no response to respondent's

4   arguments.

5                                                    Statute of Limitations

6         Pursuant to § 2244(d)(1), a one year period of limitation applies to an application for a

7   writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court.   The

8   one year limitation period generally begins to run from the date of the conclusion of direct

9   review or "the expiration of the time for seeking such [direct] review," whichever is longer.  28

10  U.S.C. § 2244(d)(1)(A).  In this case, the period for direct review ended, at the latest, upon the

11  expiration of the period for filing a petition for writ of certiorari with the United States Supreme

12  Court.  *See Bowen v. Roe* 188 F.3d 1157, 1158-59 (9th Cir. 1999).

13        The Washington Supreme Court denied petitioner's petition for review on direct appeal

14  on April 3, 2013.  (Dkt. 17, Ex. 7.)  Petitioner had 90 days after the entry of that ruling (as

15  opposed to the issuance of the state mandate), or until approximately July 2, 2013, to file a

16  petition for a writ of certiorari in the United States Supreme Court.  *See* Rules 13.1 and 13.3 of

17  the Rules of the Supreme Court of the United States.  Because petitioner did not file a petition

18  for certiorari, his conviction became final on or about July 2, 2013.  28 U.S.C. § 2244(d)(1)(A).

19  Petitioner's one year statute of limitations began to run on the following day.  *See Corjasso v.*

20  *Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

21        The one year limitation period is tolled for any "properly filed" collateral state challenge

22  to the state conviction.  28 U.S.C. § 2244(d)(2).  Petitioner filed a timely personal restraint

23  petition in the Washington Court of Appeals on March 28, 2014 (the date he signed the petition),

REPORT AND RECOMMENDATION
PAGE - 3

1    which stopped the clock on the federal statute of limitations.  At that time, 268 days had run on

2    the statute of limitations.  The Court of Appeals dismissed petitioner's personal restraint petition

3    on January 20, 2015.  The statute of limitations began to run again the following day, January 21,

4    2015, and expired 97 days later on April 28, 2015.  As noted above, petitioner filed his federal

5    habeas petition on January 19, 2016, almost nine months after the statute of limitations expired.

6        The statute of limitations governing federal habeas petitions is subject to equitable

7    tolling.  *Holland v. Florida*, 560 U.S. 631 (2010).  However, the Ninth Circuit has made clear

8    that equitable tolling is justified in very few cases, noting that "the threshold necessary to trigger

9    equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule."  *Miranda v.*

10   *Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).  A petitioner bears the burden of showing that

11   equitable tolling should be applied.  *Id*. at 1065.  Petitioner makes no effort here to demonstrate

12   that he is entitled to equitable tolling of the limitations period.

13       Because petitioner filed his petition outside of the § 2254 statute of limitations period,

14   and because petitioner has not demonstrated that he is entitled to equitable tolling of the

15   limitations period, his petition is time-barred.  And, given that the petition is clearly time-barred,

16   this Court need not reach the issue of procedural default.

17                          Certificate of Appealability

18       A petitioner seeking post-conviction relief under § 2254 may appeal a district court's

19   dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA)

20   from a district or circuit judge.  A certificate of appealability may issue only where a petitioner

21   has made "a substantial showing of the denial of a constitutional right."  See 28 U.S.C. §

22   2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could

23   disagree with the district court's resolution of his constitutional claims or that jurists could

REPORT AND RECOMMENDATION
PAGE - 4

conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter.

CONCLUSION

For the reasons set forth above, this Court recommends that petitioner's federal habeas petition, and this action, be dismissed with prejudice.  This Court further recommends that a certificate of appealability be denied.  A proposed order accompanies this Report and Recommendation.

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 22, 2016**.

DATED this 28th day of June, 2016.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 5